UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD STEVEN HARRISON,

    Petitioner,                            CASE NO. 2:12-cv-11634

v.                                          JUDGE PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

LLOYD RAPELJE,

    Respondent.
_____/

## OPINION AND ORDER GRANTING MOTION TO HOLD HABEAS PETITION IN ABEYANCE PENDING EXHAUSTION OF STATE REMEDIES AND ADMINISTRATIVELY CLOSING THE CASE

### I. INTRODUCTION

This 28 U.S.C. § 2254 matter is before the Court because Michigan prisoner Richard Steven Harrison ("Petitioner") filed a "Motion to Hold Habeas Petition in Abeyance Pending Exhaustion of State Remedies." Pet'r's Mot. to Hold Habeas Pet. in Abeyance, ECF No. 10. Petitioner is incarcerated by the Michigan Department of Corrections, currently housed at the Lakeland Correctional Facility in Coldwater, Michigan, where he is serving a two-year sentence for a felony-firearm conviction, to be followed by a life sentence for a second-degree-murder conviction. Petitioner's convictions occurred following a jury trial in the Circuit Court in Genesee County, Michigan. He was sentenced on September 8, 2009.

On April 11, 2012, Petitioner filed a habeas petition, *pro se*, claiming that he is unconstitutionally incarcerated because his right to a public trial was violated, his trial counsel was ineffective, and the trial court improperly scored his sentencing guidelines. Respondent filed his answer to the petition, and the Rule 5 materials, on October 16, 2012, alleging that Petitioner's

claims are either procedurally defaulted, noncognizable in federal habeas review, or lack merit. See Resp't's Resp., ECF Nos. 8 & 9. The Court has not yet had an opportunity to review the merits of Petitioner's claims.

On December 14, 2012, Petitioner filed this pending motion requesting that the Court stay his habeas proceedings so he can return to the state courts to exhaust the following additional, newly-discovered claims with respect to his actual innocence; the verdict form was defective, the prosecutor committed misconduct, and appellate counsel was ineffective. For the reasons set forth, the Court grants Petitioner's motion and stays his habeas-corpus proceedings.

## II. BACKGROUND

Petitioner's convictions arose because of the shooting death of Pastor Herbert Hart in Flint, Michigan, on November 28, 2008. Pastor Hart was driving down a street when several shots were fired into his car. He was rushed to the hospital but could not be saved. He died from a gunshot wound to the head. Petitioner was charged with first-degree murder, conspiracy to commit first-degree murder, and felony firearm.

At trial, Petitioner and co-defendant Brandon Sillman admitted that they were at the scene of the shooting. Kenya Dickerson also testified that she witnessed the shooting. Sillman admitted that he was with Petitioner during the incident but said Petitioner was the one who fired at the pastor's car. Dickerson also testified that Petitioner was the only shooter. The testimony indicated that Petitioner misidentified Pastor Hart as the person that he had robbed earlier and feared retribution.

Petitioner testified on his own behalf. He admitted shooting but claimed that he shot toward an open field and that Sillman was the one that shot at the pastor's car.

After a five-day trial, the jury convicted Petitioner of the lesser offense of second-degree murder and also convicted him of the felony-firearm charge. He was sentenced as described.

Following his convictions and sentencing, Petitioner filed a direct appeal with the Michigan Court of Appeals. On January 25, 2011, the Court of Appeals affirmed his convictions and sentences. *People v. Harrison*, No. 294828, 2011 WL 222231, at *1, 4 (Mich. Ct. App. Jan. 25, 2011). Petitioner's application for leave to appeal that decision, filed with the Michigan Supreme Court, was denied on September 6, 2011. *People v. Harrison*, 490 Mich. 858, 802 N.W.2d 59 (2011) (Table).

Petitioner neither filed a motion for relief from judgment with the state trial court nor a petition for a writ of certiorari with the United States Supreme Court. Rather, he filed a habeas petition.

### III. DISCUSSION

A prisoner filing a petition for a writ of habeas corpus under section 2254 must first exhaust all state remedies. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A prisoner 'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations") (citations omitted). A Michigan prisoner must present each ground to

After a five-day trial, the jury convicted Petitioner of the lesser offense of second-degree murder and also convicted him of the felony-firearm charge. He was sentenced as described.

Following his convictions and sentencing, Petitioner filed a direct appeal with the Michigan Court of Appeals. On January 25, 2011, the Court of Appeals affirmed his convictions and sentences. *People v. Harrison*, No. 294828, 2011 WL 222231, at *1, 4 (Mich. Ct. App. Jan. 25, 2011). Petitioner's application for leave to appeal that decision, filed with the Michigan Supreme Court, was denied on September 6, 2011. *People v. Harrison*, 490 Mich. 858, 802 N.W.2d 59 (2011) (Table).

Petitioner neither filed a motion for relief from judgment with the state trial court nor a petition for a writ of certiorari with the United States Supreme Court. Rather, he filed a habeas petition.

### III. DISCUSSION

A prisoner filing a petition for a writ of habeas corpus under section 2254 must first exhaust all state remedies. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A prisoner 'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations") (citations omitted). A Michigan prisoner must present each ground to

3

both Michigan appellate courts before seeking federal habeas-corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Here, the Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. He may file a motion from relief from judgment with the state trial court pursuant to Michigan Court Rule 6.500 *et. seq.* Following the state court's ruling on his motion, Petitioner then may appeal that decision to the state appellate courts as necessary. Thus, Petitioner's additional, unexhausted claims should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present his or her unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking habeas relief due to the application of the one-year statute of limitations. *Id.* at 276. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 277; *see also Anthony v. Palmer*, No. 10-CV-13312, 2011 WL 1532162, at *1 (E.D. Mich. Apr. 22, 2011) (a federal district court has authority to abate a habeas action pending resolution of state post-conviction proceedings) (citing *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998)). The United States Court of Appeals for the Sixth Circuit has advised that it is preferable for a district court to hold further proceedings on a habeas petition pending exhaustion, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002); *see also Palmer*

*v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state-court remedies).

Having considered the matter, the Court finds that Petitioner has shown the need for a stay. It appears from his pleadings that his claims are potentially meritorious, and therefore, those claims should be addressed to, and considered by, the state courts in the first instance, so the state courts will have an opportunity to decide whether those claims have merit. Additionally, the Court recognizes that the one-year limitations period applicable to this habeas action may pose a problem for Petitioner if the Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1); s*ee also Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002) (a common circumstance calling for abating a habeas petition arises when the original petition was timely filed but a second, exhausted habeas petition would be time barred by the statute of limitations). Furthermore, Petitioner has asserted that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. Any claims regarding the ineffective assistance of appellate counsel may be potentially meritorious and therefore those claims should be addressed to, and considered by, the state courts in the first instance. Moreover, it does not appear that Petitioner has engaged in intentionally dilatory tactics.

Hence, the Court will hold the petition in abeyance and stay the proceedings pending the exhaustion of Petitioner's state-court remedies with respect to his additional, unexhausted claims.

However, the Supreme Court in *Rhines* has cautioned that a district court's discretion in structuring the stay is limited by the timeliness concerns in the AEDPA. The *Rhines* Court also stated that a petition should not be stayed indefinitely, and the stay should be conditioned on the

pursuit of state remedies within a certain time period after the stay is entered, with the prisoner returning to federal court within a similarly brief period. *Id.* at 277-78. The conditions of the stay are outlined as follows.

Petitioner must file his motion for post-conviction relief with the appropriate state court, within sixty days from the date of the Court's order, and he must return to this Court within sixty days of exhausting his state-court remedies. *See Palmer*, 276 F.3d at 781 (approving similar conditions on stay). If the conditions of the stay are not met, "the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* at 781.

## IV. CONCLUSION

Accordingly, the Court GRANTS Petitioner's "Motion to Hold Habeas Petition in Abeyance Pending Exhaustion of State Remedies." Pet'r's Mot. to Hold Habeas Pet. in Abeyance, ECF No. 10. These proceedings are STAYED. Petitioner's stay is conditioned on his filing his motion for relief from judgment with the appropriate state court within sixty days from the date of the Court's order. He then must return to this Court with a motion to reopen and amend his petition, using the same caption and case number, within sixty days of fully exhausting his state-court remedies. Should Petitioner fail to comply with these conditions, his case may be dismissed.

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 1-3-12