UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD STEVEN HARRISON,

       Petitioner,                                 Case No. 2:12-CV-11634

v.                                         JUDGE PAUL D. BORMAN
                                             UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

       Respondent,

_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

       Richard Steven Harrison, ("petitioner"), incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction for second-degree murder, M.CL.A. § 750.317; and possession of a firearm during the commission of a felony [felony-firearm], M.CL.A. § 750.227b.  For the reasons stated below, the application for a writ of habeas corpus is DENIED WITH PREJUDICE.

## I.  BACKGROUND

       Petitioner was originally charged with first-degree murder, conspiracy to commit first-degree murder, and felony-firearm.  Following a jury trial in the Genesee County Circuit Court, petitioner was found guilty of the lesser included offense of second-degree murder, not guilty of the conspiracy charge, and guilty of felony-firearm.

       This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See*

*Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009).

> Defendant's convictions arise from the shooting death of Pastor Herbert Hart. The victim was driving his vehicle down a street when several bullets were fired into his car. Hart died from a gunshot wound to the head, consistent with a shot from a .40-caliber firearm. The principal evidence implicating defendant was the testimony of codefendant Brandon Sillman, who testified that he was with defendant during the episode, and Kenya Dickerson, who testified that she witnessed the shooting. The testimony indicated that defendant misidentified the victim as a person whom defendant had robbed earlier, and feared retribution. Sillman testified that defendant fired a .40-caliber firearm at the victim's vehicle several times, and Dickerson testified that defendant was the only person shooting. At trial, defendant admitted shooting a .22-caliber firearm during the episode, but claimed that he only fired it toward an open field, and further claimed that it was Sillman who shot directly at the victim's vehicle with a .40-caliber firearm.

*People v. Harrison,* No. 294828, 2011 WL 222231, p. 1 (Mich.Ct.App. January 25, 2011).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 490 Mich. 858, 802 N.W.2d

59 (Mich. 2011).

On March 26, 2012, petitioner filed a petition for writ of habeas corpus, seeking habeas

relief on the following two grounds:[1]

> I. The determination by the Michigan Court of Appeals, that petitioner was not deprived of his Sixth Amendment right to a public trial, when his family and the public were excluded from the courtroom during jury selection and that counsel was not ineffective for failing to object to the closure was contrary to and an unreasonable application of U.S.S.C. precedent.

> II. The Michigan Court of Appeals decision declining to remand petitioner for resentencing, because OV-3 was erroneously misscored, relying on the Michigan Supreme Court decision in *People v. Houston*, where the court effectively rewrote the legislature scheme in regards to OV-3 and where Justices Cavanagh, Weaver and Kelly dissented, subjected petitioner to far greater punishment than the Legislature intended to be meted out in murder cases, violated the V, VIII, and XIV Amendments of the U.S. Constitution and was contrary to, and unreasonable in light of clearly established U.S.S.C. precedent.

---

[1]    Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on March 26, 2012, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

2

On January 3, 2013, this Court entered an opinion and order holding the petition in abeyance so that the petitioner could return to the state courts to exhaust additional claims that had not yet been presented to the state courts.  The Court also administratively closed the case. *See Harrison v. Rapelje*, U.S.D.C. No. 2:12-CV-11634, 2013 WL 55687 (E.D. Mich. January 3, 2013).

On April 14, 2014, petitioner filed a motion to amend the habeas petition and an amended petition, indicating that he had not fully exhausted his new issues with the Michigan courts, but wished to add the second claim that he had pursued on direct appeal, but had not included in his original habeas petition. [2]

On April 30, 2014, the Court reopened the petition to the Court's active docket and granted petitioner's motion to amend the habeas petition.  In his amended habeas petition, petitioner seeks habeas relief on the following ground:

> Petitioner was denied a fair trial by Sergeant Dwyre's "human lie detector" testimony, in which Dwyre both told the jury that he disbelieved Petitioner's story and explained the reasons why, counsel was ineffective for not objecting in the alternative, the error was plain.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

---

[2]  The Court applies the prison mailbox rule to the filing date of petitioner's motion to amend his habeas petition, because that was the date that the motion was signed and dated.

3

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 366, 373 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for

4

relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

### III. DISCUSSION

**A. Claim # 1. The public trial claim and the related ineffective assistance of counsel claim.**

Petitioner first contends that his Sixth Amendment right to a public trial was violated when the courtroom was closed to the public during *voir dire*. In the alternative, petitioner argues that trial counsel was ineffective for failing to object to the closure of the courtroom.

Respondent contends that petitioner's public trial claim is waived and/or procedurally defaulted because petitioner failed to object to the closure of the courtroom for the jury selection process.

"The central aim of a criminal proceeding must be to try the accused fairly." *Waller v. Georgia*, 467 U.S. 39, 46 (1984). The Sixth Amendment public-trial guarantee was created to further that aim. *Id.* (citing *Gannett Co. v. DePasquale*, 443 U.S. 368, 380 (1979)). A public trial helps to ensure that judge and prosecutor carry out their duties responsibly, encourages witnesses to come forward, and discourages perjury. *Id.* The violation of the constitutional right to a public trial is a structural trial error, not subject to the harmless error analysis. *Id.* at 49-50, n. 9.

In *Presley v. Georgia,* 558 U.S. 209, 216 (2010), the Supreme Court held that a criminal

5

defendant's Sixth Amendment right to a public trial was violated when the trial court excluded the public from the *voir dire* of prospective jurors, when the court failed to consider reasonable alternatives to closure.

Although the right to a public trial is a fundamental right, it can also be waived if a habeas petitioner either acquiesces to the closure of the courtroom or fails to object. *See Johnson v. Sherry*, 586 F.3d 439, 444 (6th Cir. 2009)(citing *Freytag v. Commissioner*, 501 U.S. 868, 896 (1991)("[T]he Sixth Amendment right to a trial that is 'public,' provide[s] benefits to the entire society more important than many structural guarantees; but if the litigant does not assert [it] in a timely fashion, he is foreclosed."); *Peretz v. United States*, 501 U.S. 923, 936–37 (1991)(citing *Levine v. United States*, 362 U.S. 610, 619 (1960)).   Other circuits have reached the same conclusion. *See U.S. v. Reagan,* 725 F.3d 471, 488-89 (5th Cir. 2013); *cert. den.* 134 S. Ct. 1514 (2014)(defendants waived claim that right to public trial violated by the closing of the courtroom during *voir dire*, hence, claim unreviewable on appellate review); *U.S. v. Christi*, 682 F.3d 138, 142-43 (1st Cir. 2012)(defendant waived any claim of error in court limiting public access to courtroom during most of jury instructions by counsel's failure to object); *U.S. v. Rivera,* 682 F.3d 1223, 1232 (9th Cir. 2012)(defendant may forfeit the right to a public trial, either by affirmatively waiving it or by failing to assert it in a timely fashion); *But see Walton v. Briley*, 361 F.3d 431, 434 (7th Cir.2004)(holding that habeas petitioner had not waived right to a public trial by failing to object at trial because a right to a public trial is a fundamental trial right which may be relinquished only upon a showing that defendant knowingly and voluntarily waived such a right).

The fact that the denial of the right to a public trial is a structural error does not mean

than the claim cannot be waived by petitioner's failure to object.  Although structural errors are

presumed to be prejudicial and thus not subject to harmless error review, such errors are

nevertheless subject to the general rules of waiver, forfeiture, and default. *See Johnson v.*

*United States*, 520 U.S. 461, 466 (1997)(waived or forfeited structural error subject to plain

error review under Fed. R.Crim. P. 52(b)). *See also United States v. Suescun*, 237 F.3d 1284,

1288, n. 12 (11th Cir. 2001)("Structural defects do not absolve a defendant's waiver of a

defense or objection.").  As noted above, numerous cases have held that the right to a public

trial can be waived.

The fact that petitioner did not on the record expressly agree to the exclusion of the

public from the jury selection likewise does not alter this analysis.  Although certain

fundamental rights of a criminal defendant, such as the right to counsel or whether to plead

guilty, cannot be waived by counsel without the express, knowing and voluntary consent of the

defendant, *See New York v. Hill,* 528 U.S. 110, 114 (2000), for other rights, "waiver may be

effected by action of counsel." *Id.*  The Supreme Court has noted that it has "in the context of a

broad array of constitutional and statutory provisions, articulated a general rule that presumes

the availability of waiver," even when that waiver involves "the most basic rights of criminal

defendants." *Hill,* 528 U.S. at 114.  Moreover, "the lawyer has-and must have-full authority to

manage the conduct of the trial.... Thus, decisions by counsel are generally given effect as to

what arguments to pursue, what evidentiary objections to raise, and what agreements to

conclude regarding the admission of evidence." *Hill,* 528 U.S. at 115.

Various federal circuit courts have held that "[a] defendant's attorney's waiver of the

right to a public trial is effective on the defendant." *United States v. Hitt*, 473 F.3d 146, 155 (5th

7

Cir. 2006)(citing *United States v. Sorrentino*, 175 F.2d 721, 723 (3d Cir.1949); *Martineau v. Perrin*, 601 F.2d 1196, 1200–01 (1st Cir. 1979)).  The Sixth Circuit in *Johnson v. Sherry, supra,* essentially acknowledged that the petitioner's right to a public trial had been waived by counsel's failure to object to the closure of the courtroom. *Id.,* 586 F, 3d at 489.  The Supreme Court has yet to hold that an attorney cannot waive his client's right to a public trial. *See Guyton v. Butler,* 490 F. App'x. 331, 333 (11th Cir. 2012).  Indeed, the Second Circuit has noted that "[t]here is no clearly established binding precedent [from the Supreme Court] as to either whether personal waiver of the right to a public trial is constitutionally required, or as to whether waiver by counsel requires consultation with a client." *Daughtry v. Greiner*, No. 01–2466, 2002 WL 31819589, p. 1 (2d Cir. Dec. 16, 2002) (unpublished).  Thus, to the extent that petitioner argues that his public trial claim was not effectively waived because he did not personally waive this right, habeas relief is precluded because of the lack of clearly established Supreme Court precedent regarding whether a defendant must personally waive his public trial right or whether, if the right is to be waived by counsel, there must be consultation with the defendant. *Id.*

Petitioner's failure to object to the closure of the courtroom during *voir dire* thus waives federal habeas review of his public trial claim. *Johnson,* 586 F. 3d at 444; *See also Reagan,* 725 F. 3d at 488-89.

In the alternative, petitioner's public trial claim is procedurally defaulted because the Michigan Court of Appeals determined that petitioner's public trial claim had been waived due to petitioner's failure to object to the closure of the courtroom during *voir dire*. *Harrison,* 2011 WL 222231, p. 2.

8

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Michigan Court of Appeals concluded that petitioner had waived his public trial claim by failing to object at trial. A state court conclusion that an issue was waived is considered a procedural default. *See e.g. Shahideh v. McKee*, 488 F. App'x. 963, 965 (6th Cir. 2012). Moreover, the fact that petitioner's public trial claim involves a structural error does not absolve him of the need to establish cause and actual prejudice to excuse the default. *See Ambrose v. Booker,* 684 F.3d 638, 650-51 (6th Cir. 2012). Petitioner's public trial claim is procedurally defaulted.

Petitioner argues that trial counsel was ineffective for failing to object to the closure of the courtroom during *voir dire*.

To show that he was denied the effective assistance of counsel under federal

constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*.  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792).  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

In assessing whether a claim of ineffective assistance satisfies the "cause" requirement of *Coleman*, a less stringent standard of review is applied than when reviewing an independent freestanding ineffective assistance of counsel claim pursuant to the deferential standard of review found in 28 U.S.C. § 2254(d).  The question for the federal habeas court is not whether the state court's decision was unreasonable, but whether there was there an independent Sixth

Amendment violation under *Strickland*. Stated differently, the level of scrutiny is the same as would be applied on direct review. *See Joseph v. Coyle*, 469 F.3d 441, 459 (6th Cir. 2006). "An argument that ineffective assistance of counsel should excuse a procedural default is treated differently than a free-standing claim of ineffective assistance of counsel." *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir.2009)(citing *Ege v. Yukins*, 485 F. 3d 364, 379–80, n. 7 (6th Cir. 2007)). This is because "[t]he latter must meet the higher AEDPA standard of review, while the former need not." *Id*. at 237 (citing *Joseph*, 469 F.3d at 459). Nonetheless, "[T]he prejudice analysis for the procedural default and the prejudice analysis for the ineffective assistance of counsel argument are sufficiently similar to treat as the same in this context. '[E]stablishing *Strickland* prejudice likewise establishes prejudice for purposes of cause and prejudice.'" *Hall,* 563 F.3d at 237 (quoting *Joseph*, 469 F.3d at 462–63).

Petitioner has failed to show that trial counsel was ineffective for failing to object to the closure of the courtroom for jury selection, either to excuse the default, or as an independent claim for relief.

First, as the Michigan Court of Appeals noted in its decision, although the judge excluded a television station from the courtroom during *voir dire,* there was no indication that the trial judge excluded petitioner's family and the general public from the jury selection process. *Harrison,* 2011 WL 222231, p. 2. In the absence of any indication that the public was, in fact, excluded during the *voir dire* process, counsel was not ineffective in failing to object.

Secondly, to the extent that the general public may have been excluded during *voir dire,* trial counsel's decision to agree a closure of the courtroom for a non-public *voir dire* could well have been a reasonable trial strategy for the purpose of obtaining more honest or forthright

11

responses from jurors during such a non-public *voir dire*, thus, defeating petitioner's ineffective assistance of counsel claim. *See Horton v. Allen,* 370 F.3d 75, 82-83 (1st Cir. 2004); *See also Jones v.* Bradshaw,489 F. Supp. 2d 786, 841 (N.D. Ohio 2007).

Thirdly, at the time of petitioner's murder trial in 2009, there was some question as to whether the Sixth Amendment public trial right applied to the *voir dire* process. The Supreme Court had at the time of petitioner's trial held that the First Amendment right of public access applied during *voir dire*, *See Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 510-11 (1984), but one justice concurring in that holding suggested that the Sixth Amendment public trial right might have a more limited scope. See *Id.* at 516 (Stevens, J., concurring). *Presley* was not decided until 2010, after petitioner's trial. Because petitioner's counsel at the time of the trial in 2009 may well have reasonably questioned whether petitioner had any constitutional right to an open courtroom during *voir dire,* counsel was not ineffective for failing to object to the closure of the courtroom during *voir dire. See Woodson v. Hutchinson,* 52 F. App'x. 195, 198 (4th Cir. 2002).

Moreover, assuming that trial counsel was deficient for failing to object to the closure of the courtroom for *voir dire*, petitioner has failed to show that he was prejudiced by counsel's failure to object.

Petitioner argues that because the denial of the right to a public trial is a structural error, prejudice should be presumed. In *Johnson v. Sherry*, 586 F.3d at 447, the Sixth Circuit considered whether trial counsel's performance led to a denial of the petitioner's right to a public trial. The Sixth Circuit remanded the case to the district court for an evidentiary hearing to determine whether counsel's performance was deficient, and thus did not definitively resolve

12

the prejudice issue.  A majority of the Sixth Circuit, however, seemed to suggest that if a structural error is shown by counsel's deficient performance, then prejudice should be presumed. *Id.* at 447.  However, a later panel of the Sixth Circuit characterized the *Johnson* opinion's suggestion "that prejudice is presumed when the deficient performance results in a structural error" as dicta. *Zimmerman v. Booker*, 517 F. App'x. 333, 337, n. 3 (6th Cir. 2013).  Therefore, *Johnson* does not control this Court's decision.

In addition, the majority opinion in *Johnson* was undermined by Judge Kethledge's dissent in that case, in which he criticized the majority's assertion that prejudice should be presumed because the right to a public trial is a structural guarantee.  Judge Kethledge observed that the majority's ruling "drives right past the distinction between a [public trial] claim and a *Strickland* one.  What the majority says is true enough for a [public trial] claim, but Johnson's petition undisputedly turns on a *Strickland* one; and *Strickland* repeatedly and unequivocally says that actual prejudice is required." *Johnson, Id.* 586 U.S. at 449 (citing *Strickland*, 466 U.S. at 693, 694) (Kethledge, J., dissenting).

Judge Kethledge's position has support in the Supreme Court's ineffective assistance of counsel and structural error jurisprudence.  In every case in which the Supreme Court has set forth the circumstances in which prejudice from counsel's deficient performance may be presumed, it has never held that an underlying structural error caused by counsel's performance is a reason for presuming prejudice; instead, only complete actual or constructive denial of counsel or a conflict of interest suffices. *See Wright v. Van Patten*, 552 U.S. 120, 124–25 (2008); *Florida v. Nixon*, 543 U.S. 175, 189–90 (2004); *Bell v. Cone*, 535 U.S. 685, 695–96 (2002); *Mickens v. Taylor*, 535 U.S. 162, 166 (2002); *Roe v. Flores–Ortega*, 528 U.S. 470,

482–83 (2000); *Smith v. Robbins*, 528 U.S. 259, 287 (2000); *Penson v. Ohio*, 488 U.S. 75, 88 (1988); *United States v. Cronic,* 466 U.S. 658, 659–60 (1984); *Strickland*, 466 U.S. at 692. Presuming prejudice based upon counsel's failure to object to a structural error would be inconsistent with this precedent, as well as with the *Strickland* court's unequivocal holding that, denial of counsel and "[c]onflict of interest claims aside, actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." *Strickland*, 466 U.S. at 693.

This Court further notes that there is a split in the circuits as to whether prejudice is presumed when the underlying error is structural.  Three circuits, including a majority of the panel of the Sixth Circuit in *Johnson,* have suggested or held that prejudice can be presumed where counsel's deficient performance results in a structural error. *Johnson,* 586 F.3d at 447; *Owens v. U.S.*, 483 F.3d 48, 64-65 (1st Cir. 2007)(prejudice presumed where counsel failed to object to the closure of the courtroom for an entire day of trial); *McGurk v. Stenberg*, 163 F.3d 470, 475 (8th Cir.1998)(holding that "when counsel's deficient performance causes a structural error, we will presume prejudice under *Strickland* ").  Two circuits have gone in the opposite direction, requiring a showing of actual prejudice even where the error is structural. *See Purvis v. Crosby,* 451 F.3d 734, 742 (11th Cir. 2006)(requiring a showing of actual prejudice where counsel failed to object to a courtroom closure); *Virgil v. Dretke*, 446 F.3d 598, 607 (5th Cir.2006)(declining to hold that "a structural error alone is sufficient to warrant a presumption of prejudice in the ineffective assistance of counsel context").  The Ninth Circuit has declined to determine whether trial counsel's failure to object to the closure of the courtroom requires a showing of actual prejudice or whether prejudice can be presumed. *See U.S. v. Withers*, 638

14

F.3d 1055, 1067-68 (9th Cir. 2011).  A disagreement among the circuit courts is evidence that a certain matter of federal law is not clearly established for federal habeas purposes. *See Miller v. Colson*, 694 F.3d 691, 698 (6th Cir. 2012).

The Supreme Court's recent decision in *Premo v. Moore*, 131 S.Ct. 733 (2011) appears to vindicate Judge Kethledge's dissenting opinion in *Johnson*.  In *Premo*, the petitioner had pleaded no contest to felony murder.  He subsequently filed a habeas petition in which he alleged that counsel was ineffective for failing to move to suppress his coerced confession which had been introduced in violation of *Arizona v. Fulminante*, 499 U.S. 279 (1991).  The Ninth Circuit had granted habeas relief, holding that the state court's decision that counsel's failure to move to suppress the statement was not ineffective was both an unreasonable application of *Strickland* and contrary to *Fulminante*. *See Premo*, 131 S.Ct. at 738–39.

The Supreme Court reversed the decision, concluding that the Ninth Circuit had erred by incorporating the standard governing the underlying substantive violation of a coerced confession set forth in *Fulminate* into the *Strickland* inquiry.  The Supreme Court explained that "*Fulminante* may not be so incorporated into the *Strickland* performance inquiry," because "*Fulminante*—which involved the admission of an involuntary confession in violation of the Fifth Amendment—says nothing about the *Strickland* standard of effectiveness." *Id.* at 743.  The Supreme Court also rejected the Ninth Circuit's reliance on *Fulminante* to establish prejudice for the ineffective assistance of counsel claim, opining that "there is no sense in which the state court's finding could be contrary to *Fulminante*, for *Fulminante* says nothing about prejudice for *Strickland* purposes[.]" *Id*. at 744.  Importantly, the Court held that the standard for prejudice based on admission of an involuntary confession set forth in *Fulminante* "cannot

15

apply to determinations of whether inadequate assistance of counsel prejudiced a defendant who entered into a plea agreement," because that is a determination governed by *Strickland*. *Id*.

The Supreme Court in *Premo* thus found error in the Ninth Circuit's incorporation of the prejudice standard governing the underlying error caused by counsel into the *Strickland* prejudice inquiry.

A habeas court may only look at the holdings of the United States Supreme Court as they existed at the time of the relevant state court decision to determine whether the state court decision was contrary to, or an unreasonable application of, clearly established federal law. *Mitzel v. Tate,* 267 F.3d 524, 530-531 (6th Cir. 2001). A habeas court cannot look to the decisions of this circuit, or other courts of appeals, when deciding whether a state court's decision was contrary to, or an unreasonable application of, clearly established federal law. *Id.* Circuit Court precedent does not constitute "clearly established Federal law, as determined by the Supreme Court" and thus "cannot form the basis for habeas relief under [the] AEDPA." *Parker v. Matthews,* 132 S. Ct. 2148, 2155 (2012). In the absence of any clearly established federal law from the Supreme Court that a court should presume prejudice when the underlying error is structural, petitioner is not entitled to the presumption of prejudice on his ineffective assistance of counsel claim. Moreover, it is clear that the majority opinion in *Johnson* has been largely undermined by *Premo*.

In the present case, petitioner has failed to allege, let alone establish, that he was actually prejudiced by the closure of the courtroom for jury selection. Because petitioner has failed to show that a different result would have happened had trial counsel objected to the closure of the courtroom for jury selection, petitioner is not entitled to habeas relief on his

16

ineffective assistance of counsel claim nor can he use it to establish cause to excuse any default for his public trial claim. *Purvis,* 451 F.3d at 743.

Finally, petitioner has presented no new reliable evidence to establish that he is actually innocent of these crimes. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted public trial claim on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on his first claim.

### B.  Claim # 2.  The sentencing guidelines claim.

Petitioner next claims that the trial court erroneously assessed twenty five points against him under Offense Variable 3 of the Michigan Sentencing Guidelines.

State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). Thus, a sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 F.

17

App'x. 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x. 52, 53 (6th Cir. 2003); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Petitioner's claim that the state trial court improperly departed above the correct sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of the petitioner's federal due process rights. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000).

### C. Petitioner's remaining claims are barred by the statute of limitations.

Respondent contends that petitioner's remaining claims which he raised for the first time in his amended petition for writ of habeas corpus are barred by the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) because the amended petition were filed more than one year after petitioner's conviction became final and the claims raised in the amended petition do not relate back to the claims raised by petitioner in his original habeas petition. [3]

---

[3] The Court recognizes that it granted petitioner permission to file the amended habeas petition. This does not preclude respondent from raising a statute of limitations defense to these claims. A statute of limitations defense to a habeas petition is not "jurisdictional," thus, courts "are under no obligation to raise the time bar *sua sponte*." *Day v. McDonough*, 547 U.S. 198, 205 (2006). The Court granted petitioner permission to amend his habeas petition without making any determination as to the timeliness issue. The fact that this Court granted petitioner permission to file his amended petition does not preclude respondent from raising a limitations defense to the claims raised in those petitions. *See Quatrine v. Berghuis*, No. 2:10–CV–11603; 2014 WL 793626, p. 2-3 (E.D. Mich. February 27, 2014)*;Soule v. Palmer*, No. 08–cv–13655; 2013 WL 450980, pp. 1-3 (E.D. Mich. February 5, 2013). Although respondent could have filed an opposition to petitioner's motion to amend his petition, he was not required

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 835 (E.D. Mich. 2001).  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner leave to appeal on September 6, 2011, following the affirmance of his conviction by the Michigan Court of Appeals on direct review.  Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  Petitioner's judgment therefore became final on December 5, 2011, when he failed to file a petition for writ of certiorari with the U.S. Supreme

---

to do so under Fed. R. Civ. P. 8 until he filed an answer to the amended petition. *See Young v. Greiner,* No. 9:02-CV-1087; 2008 WL 5432219, p. 9 (N.D.N.Y. December 30, 2008).

Court. *Holloway*, 166 F. Supp. 2d at 1188. Petitioner had until December 5, 2012 to file his habeas petition in compliance with the one year limitations period.

Petitioner timely filed his original habeas petition on March 26, 2012. Petitioner did not, however, file his motion to amend the habeas petition to add these new claims until April 14, 2014, well after the limitations period had passed.

When a habeas petitioner files an original petition within the one-year deadline, and later presents new claims in an amended petition that is filed after the deadline passes, the new claims will relate back to the date of the original petition only if the new claims share a "common core of operative facts" with the original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

In his reply to respondent's supplemental answer, petitioner argues that his amended habeas petition shares a "common core of operative facts" with the claims raised in his original petition because he alleges ineffective assistance of counsel in both his original and amended habeas petitions. In his original habeas petition, petitioner alleges that he was denied his right to a public trial due to the exclusion of the public during jury selection and that trial counsel was ineffective for failing to object to the closure of the courtroom. In his amended habeas petition, petitioner alleges that he was denied a fair trial when a police sergeant was permitted to testify that he disbelieved petitioner's story and that counsel was ineffective for failing to object to the sergeant's testimony. Although petitioner alleged ineffective assistance of counsel in his original habeas petition, it involved counsel's failure to object to the closure of the courtroom during *voir dire*, not counsel's failure to object to the sergeant's testimony. Petitioner's ineffective assistance of counsel claim that he raises in his amended habeas petition

cannot relate back to the filing date of his original habeas petition, because it does not share a common core of operative facts with the ineffective assistance of counsel claim that he raised in the original habeas petition. *See Eller v. Bock*, 422 F. Supp. 2d 813, 818 (E.D. Mich. 2006).

None of petitioner's claims that he raised for the first time in his amended habeas petition share a "common core of operative facts" with the public trial and the related ineffective assistance of counsel claim raised in his timely filed original habeas petition. Because none of petitioner's remaining claims raised in the amended petition share a common core of operative facts with the claims raised in the original petition, these claims are barred by the one year limitations period. *See Pinchon v. Myers,* 615 F.3d 631, 643 (6th Cir. 2010).

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." See *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.* Petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue or show that the circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x. 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298

(1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). The claims raised by petitioner in his amended habeas petition are barred by the statute of limitations.

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists

22

would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d at 885. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

s/Paul D. Borman _____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 10, 2014

23

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 10, 2014.

s/Deborah Tofil
Case Manager