**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICHARD STEVEN HARRISON,

Petitioner,

v.

Case No. 2:12-CV-11634
JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

Respondent,
_______________________________/

**OPINION AND ORDER DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR A CERTIFICATE OF APPEALABILITY AND MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On December 10, 2014, this Court denied petitioner's application for a writ of habeas corpus and further denied him a certificate of appealability or leave to appeal *in forma pauperis*. *Harrison v. Woods*, No. 2:12-CV-11684, 2014 WL 6986172 (E.D. Mich. December 10, 2014).

On January 9, 2015, petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. On the same day, petitioner filed a motion for a certificate of appealability and a request for continued *in forma* pauperis status on appeal. For the reasons that follow, the Court will order that petitioner's motion for a certificate of appealability and the motion to proceed *in forma pauperis* on appeal to be transferred to the United States Court of Appeals for the Sixth Circuit.

This Court has already denied petitioner a certificate of appealability. This Court notes that the proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal

from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F. 3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)). The Court, in the interests of justice, will order that petitioner's motion for a certificate of appealability be transferred to the United States Court of Appeals for the Sixth Circuit.

The Court will also order the Clerk of the Court to transfer petitioner's motion to proceed *in forma pauperis* on appeal to the Sixth Circuit. It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court. *Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Petitioner's notice of appeal divests this Court of jurisdiction to consider his motion that he be permitted to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's motion to proceed *in forma pauperis* on appeal would be more appropriately addressed to the Sixth Circuit.

**IT IS HEREBY ORDERED** that the Clerk of the Court transfer the "Motion for Certificate of Appealability" [Dkt. # 33] and the "Application to Proceed Without Prepaying Fees and Costs on Appeal" [Dkt. # 32] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT COURT

DATED: JAN 14 2014